IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ERIC BRUNS and CHARLES DOLL,<br><br>    Plaintiffs,<br><br>v.<br><br>OMAR LEBRÓN HUERTAS; CARLOS J. ENCARNACIÓN RIVERA; CJ TRANSPORT INC.; ABC INSURANCE COMPANIES; DOES I-X and any other joint tortfeasors,<br><br>    Defendants. | Civil No.: 17- 1505  ( )<br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLES 1802 & 1803, 31 L.P.R.A §§ 5141 & 5142<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**APPEAR NOW** the Plaintiffs, ERIC BRUNS and CHARLES DOLL (hereinafter referred to as "Plaintiffs"), through the undersigned counsel, and hereby state, allege, and request as follows:

**JURISDICTIONAL BASIS**

1. This case is based upon diversity jurisdiction under 28 U.S.C. §1332.

2. Plaintiffs are citizens of and are domiciled in the states of South Dakota and Minnesota.

3. All Defendants are individuals, corporations, business entities, or partnerships who are citizens of Puerto Rico or of a state other than South Dakota or Minnesota.

1

4. The matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391, since the events and acts or omissions giving rise to this claim occurred in this district.

## THE PARTIES

6. Plaintiff **ERIC BRUNS** (hereinafter "ERIC" or "MR. BRUNS") is of legal age, a citizen and domiciled in the state of South Dakota.

7. Plaintiff **CHARLES DOLL** (hereinafter "CHARLES" or "MR. DOLL") is of legal age, a citizen and domiciled in the state of Minnesota.

8. Defendant **OMAR LEBRÓN HUERTAS** is the driver of the truck that caused the vehicular accident and Plaintiffs' subsequent injuries. Upon information and belief, he is a citizen of and domiciled in the Commonwealth of Puerto Rico.

9. Defendant **CARLOS J. ENCARNACIÓN RIVERA** is the owner of the truck that caused the vehicular accident and Plaintiffs' subsequent injuries. Upon information and belief, he is a citizen of and domiciled in the Commonwealth of Puerto Rico.

10. Defendant **CJ TRANSPORT INC.** is a domestic corporation presided over by Defendant Carlos Encarnación, and which upon information and belief employs Defendant Omar Lebrón Huertas and has procured applicable insurance for the truck in question.

11. Defendants **ABC INSURANCE COMPANIES** are corporations organized or operating under the laws of the Commonwealth of Puerto Rico or of a state other than South Dakota and Minnesota, which are authorized to do business in Puerto Rico, and insure one or more co-defendants for the acts and/or omissions described herein and/or are liable for the injuries and damages sustained by Plaintiffs.

12. Defendant **DOES I-X** are individuals, corporations, or entities that are citizens of Puerto Rico or a state other than South Dakota and Minnesota, who are unknown and are jointly and severally liable for Plaintiffs' damages.

## GENERAL ALLEGATIONS

13. Plaintiffs ERIC BRUNS and CHARLES DOLL are friends who traveled to Puerto Rico for vacation on January 7, 2017.

14. Plaintiffs rented a car from Alamo at the Luis Muñoz Marín airport in San Juan for the duration of their stay.

15. On January 22nd, 2017, at approximately 1:45 p.m., Plaintiffs were traveling in a rental car in a westerly direction along Road #8 at its intersection with Simón Madez.

16. Plaintiffs had their seatbelts securely fastened at all times.

17. Plaintiff MR. BRUNS was driving the car, and Plaintiff CHARLES DOLL was sitting in the passenger seat.

18. At Kilometer 0.9 on Road #8, Plaintiffs' vehicle was at a complete stop waiting for a traffic light to turn green.

19. Plaintiff MR. BRUNS was observing the proper distance between the vehicle in front and his own vehicle.

20. As Plaintiffs waited to proceed on their journey, they were suddenly struck from behind by a tow truck operated by Co-Defendant MR. LEBRÓN.

21. This impact caused Plaintiffs' vehicle to move forward and impact the vehicle in front of them.

22. This impact also caused MR. BRUNS to briefly lose consciousness.

23. Upon regaining consciousness, MR. BRUNS was in shock at what had just transpired.

24. MR. DOLL was in a daze after the collision, and initially had trouble processing the sequence of events.

25. The driver of the tow truck, MR. LEBRÓN, approached the driver's side window and asked MR. BRUNS if he and MR. DOLL were all right.

26. Both Plaintiffs felt pain on multiple areas of their bodies, but managed to exit the vehicle on their own after some struggle.

27. Upon exiting the vehicle, Plaintiffs saw that their vehicle had been pushed forward into the vehicle in front of them, and that it was this impact which had caused them to whiplash back and forth a few minutes earlier.

28. Plaintiffs asked MR. LEBRÓN what had happened.

29. MR. LEBRÓN responded that his hydraulic brakes had given out, leading to the rear-end collision.

30. While Plaintiffs and MR. LEBRÓN were speaking to each other, the driver of the remaining vehicle left the scene without providing any information.

31. MR. LEBRÓN then proceeded to call the police.

32. Plaintiffs observed that the truck which had caused the accident bore the logo of CJ TRANSPORT INC.

33. Approximately twenty minutes later, two police officers arrived at the scene of the accident.

34. The police officers interviewed Plaintiffs and MR. LEBRÓN separately. Plaintiffs expressed that they were experiencing pain and the police officers told them to go to the nearest emergency room and gave them ACAA cards.

35. Plaintiffs were concerned that their rental vehicle would not run properly all the way to the hospital, so they went to trade it for a different model.

36. After receiving their new rental vehicle, Plaintiffs immediately went to the Emergency Room at Hospital Auxilio Mutuo in San Juan.

37. Plaintiffs waited to receive medical treatment, including X-Rays, for approximately eight hours in the Emergency Room.

38. Plaintiffs were examined, evaluated, submitted to radiological studies, and provided with pain medication prior to being discharged.

39. During this time, and ever since the accident earlier that day, MR. BRUNS continued to experience difficulty focusing, forgetfulness, nausea, head aches, numbness and tingling in his arms and hands, and numbness on the right posterior side of his head.

40. When he was finally seen by a physician, MR. BRUNS was told that he had a concussion and that his injuries were serious.

41. MR. BRUNS was diagnosed with whiplash effect and cervical and lumbar strain, and was told to wear a neck brace for at least two weeks.

42. MR. DOLL experienced pain in his neck, upper spine and back as a result of the accident, which intensified as Plaintiffs arrived at the hospital.

43. MR. DOLL's pain made it difficult for him to turn his head, as the muscles in his neck became stiff.

44. MR. DOLL was given an anti-inflammatory medication at the hospital and diagnosed with a sprain and blunt trauma/contusion.

45. Plaintiffs are currently seeking medical treatment for their injuries on the mainland.

**FIRST CAUSE OF ACTION – NEGLIGENCE OF OMAR LEBRÓN HUERTAS UNDER ART. 1802 OF THE PUERTO RICO CIVIL CODE**

46. The allegations contained above are incorporated by reference as if again fully set forth herein.

47. At all times herein pertinent, Defendant OMAR LEBRÓN HUERTAS was driving the tow truck that caused the accident.

48. Defendant OMAR LEBRÓN HUERTAS, through his acts and omissions while using said vehicle, caused damage to Plaintiffs through fault and/or negligence in violation of 31 PR. Laws Ann. 5141 (Article 1802 of Puerto Rico's Civil Code).

49. Defendant is responsible for his negligent behavior in not observing the proper distance between vehicles as required by law.

50. As a direct and proximate result of Defendant's negligence while driving his car, Plaintiffs sustained physical, emotional, mental, and economic damages.

**SECOND CAUSE OF ACTION - NEGLIGENCE OF CARLOS J. ENCARNACIÓN RIVERA AND CJ TRANSPORT INC UNDER ART. 1803 OF THE PUERTO RICO CIVIL CODE AND THE LAW OF VEHICLES AND TRANSIT**

51. The allegations contained above are incorporated by reference as if again fully set forth herein.

52. Defendant CARLOS J. ENCARNACIÓN RIVERA, as president of CJ TRANSPORT INC. is upon information and belief the owner of the tow truck operated negligently by Co-Defendant OMAR LEBRÓN HUERTAS.

53. Thus, they are vicariously liable for Co-Defendant OMAR LEBRÓN HUERTAS' negligent acts and omissions while using said vehicle, which caused damage to Plaintiffs through fault and/or negligence in violation of 31 PR. Laws Ann. 5142 (Article 1803 of Puerto Rico's Civil Code).

54. Additionally, under the applicable Law of Vehicles and Transit, the owner of a vehicle that has been driven negligently by a third party is liable for the actions of the driver, since there is a presumption that the former willingly gave possession of the vehicle to the latter.

55. Defendant CARLOS J. ENCARNACIÓN RIVERA, through Defendant CJ TRANSPORT INC., allowed Co-Defendant OMAR LEBRÓN HUERTAS to

operate his vehicle negligently, causing pain and suffering to Plaintiffs, as well as the physical, emotional, mental, and economic damages as detailed in this Complaint.

56. Furthermore, upon information and belief Defendant CARLOS J. ENCARNACIÓN RIVERA and/or Defendant CJ TRANSPORT INC. is Co-Defendant OMAR LEBRÓN HUERTAS' employer.

57. If Co-Defendant OMAR LEBRÓN HUERTAS was driving negligently during the course of his employment and in furtherance of his employer's interests, Defendant CARLOS J. ENCARNACIÓN RIVERA and/or Defendant CJ TRANSPORT INC. are additionally liable on these grounds.

### THIRD CAUSE OF ACTION - ABC INSURANCE COMPANIES

58. The allegations contained above are incorporated by reference as if again fully set forth herein.

59. Defendants ABC Insurance Companies were, at the time herein pertinent, authorized to do business as such in Puerto Rico, and issued an insurance policy on behalf of Defendants or another tortfeasor.

60. Pursuant to 26 P.R. Laws Ann. § 2001, an insurance company is directly liable for the negligence or fault of its insured.

61. Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined together with an action against its insured.

62. As a result, Defendants ABC Insurance Companies are liable to Plaintiffs for the damages caused to them by Defendants or another tortfeasor.

## FOURTH CAUSE OF ACTION UNDER ARTS. 1802 AND 1803 OF THE PUERTO RICO CIVIL CODE - DOES I-X

63. The allegations contained above are incorporated by reference as if again fully set forth herein.

64. Defendants DOES I-X caused damages to Plaintiffs through fault or negligence in violation of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

65. Defendants DOES I-X are jointly and severally liable for the damages caused to Plaintiffs.

## DAMAGES

66. The allegations contained above are incorporated by reference as if again fully set forth herein.

67. As a result of the negligent acts or omissions of Defendants, both Plaintiffs have suffered physical, emotional, mental, and economic damages.

68. As a result of the negligent acts or omissions of Defendants, MR. BRUNS suffered physical, emotional, mental, and economic damages, including, but not limited to, the physical and emotional pain and suffering of his injured neck and back; being unable to engage in crucial work tasks; ongoing expenses for medical services and damages to the rental car; as well as other physical, emotional, and mental damages.

69. Since the accident, MR. BRUNS continues to experience pain in his middle and lower back, as well as discomfort in his neck, which limits his ability to work

9

and perform daily tasks.

70. A cervical spine MRI taken on February 3, 2017 revealed that MR. BRUNS has left paracentral disc herniation at the C6-C7 level.

71. MR. BRUNS visited a spine specialist on February 14, 2017. This specialist prescribed two types of medication to treat his neck and back pain.

72. The aforementioned physician also prescribed physical therapy 2-3 times a week for 4-6 weeks.

73. MR. BRUNS is currently being treated for thoracic back pain, myofascial muscle pain, acute low back pain, neck pain, and whiplash injury.

74. As a result of the negligent acts or omissions of Defendants, MR. BRUNS also suffers from newfound anxiety while driving, which affects him greatly since he is dependent on driving to get around.

75. Additionally, MR. BRUNS is self-employed and frequently engages in physical labor. Since the accident he has been unable to perform certain tasks himself and has had to outsource his labor to other employees.

76. MR. BRUNS plans on continuing with this line of work for the foreseeable future, and is deeply distressed that the injuries he sustained in the accident may cause long-term sequelae for his back and neck, further affecting his health and livelihood.

77. Thus, MR. BRUNS has suffered and continues to suffer physical, emotional, and mental damages as a direct result of Defendants' negligent act or omissions.

78. Since the accident, MR. DOLL has continued to experience numbness in his

arms and legs as well as stiffness and back pain.

79. As a result of the negligent acts or omissions of Defendants, MR. DOLL experiences difficulty walking long distances, riding in cars, and getting a full night of sleep.

80. Cervical and thoracic spine MRIs taken on February 3, 2017 revealed that MR. DOLL had bulging of the annulus at the C6-C7 level, as well as central disc protrusion along his thoracic spine from T3-T12.

81. MR. DOLL is currently seeking additional medical treatment due to his persistent upper and lower back pain, which increases after standing and walking for prolonged periods of time.

82. MR. DOLL currently takes 6 Advil a day for the pain in order to be able to work.

83. MR. DOLL was instructed to wear a back brace for his injuries, which further limits his ability to perform daily tasks.

84. MR. DOLL continues to feel back pain, has not regained his previous full range of motion, and is proscribed from carrying or lifting objects up to twenty (20) pounds.

85. As of March 2, 2017, MR. DOLL was diagnosed with Degenerative Disc Disease (DDD) of the thoracic spine with acute flare-up.

86. MR. DOLL will need to undergo an uncertain amount of physical therapy in four weeks, as soon as his back brace is removed.

87. MR. DOLL is extremely upset that his time in Puerto Rico, meant to be

pleasant, was instead overshadowed by his constant pain.

88. Thus, MR. DOLL has suffered and continues to suffer physical, emotional, and mental damages as a direct result of Defendants' negligent act or omissions.

89. As a result of the negligent acts or omissions of Defendants, Plaintiffs were forced to abstain from engaging in outdoor and sporting activities, which were a major part of their planned vacation.

90. As a result of the negligent acts or omissions of Defendants, Plaintiffs' vacation was abruptly ruined, as they spent much of their time either procuring medical attention or resting in order to assist the healing process.

91. Moreover, Plaintiffs have incurred out of pocket expenses related to the accident and the injuries sustained therein, which will continue to accrue.

92. MR. BRUNS' insurance company has charged him a deductible amount of $557.50 for the rental car, and thus far he has a $5,500 deductible for medical treatment, including his neck brace, visits to physicians, physical therapy sessions, pain medication, and radiological studies, which will increase as time passes.

93. MR. DOLL has thus far a deductible of $3,700 for medical treatment, including his back brace, visits to physicians, and radiological studies, which will increase as time passes.

94. Plaintiff ERIC BRUNS' physical damages as a result of the injuries sustained in the incident have a reasonable value of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

95. Plaintiff ERIC BRUNS' emotional and mental damages as a result of the injuries sustained in the incident have a reasonable value of no less than **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00)**.

96. Plaintiff ERIC BRUNS' ongoing economic damages as a result of the injuries sustained in the incident at this time have a reasonable value of no less than **SIX THOUSAND FIFTY SEVEN DOLLARS AND FIFTY CENTS ($6,057.50)**.

97. Plaintiff CHARLES DOLL's physical damages as a result of the injuries sustained in the incident have a reasonable value of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

98. Plaintiff CHARLES DOLL's emotional and mental damages as a result of the injuries sustained in the incident have a reasonable value of no less than **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).**

99. Plaintiff CHARLES DOLL's ongoing economic damages as a result of the injuries sustained in the incident at this time have a reasonable value of no less than **THREE THOUSAND SEVEN HUNDRED DOLLARS ($3,700.00)**.

100. These are ongoing damages and will continue to accrue.

## TRIAL BY JURY DEMANDED

101. Plaintiffs hereby demand trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of no less than **ONE MILLION FIVE HUNDRED AND NINE THOUSAND, SEVEN HUNDRED AND FIFTY SEVEN DOLLARS AND FIFTY CENTS ($1,509,757.50)** plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of April, 2017.

*Plaintiff's Counsel:*
**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque Street, Third Floor
San Juan, P.R. 00912
Tel. (787) 641-4545; Fax (787) 641-4544
david.indiano@indianowilliams.com
vanesa.vicens@indianowilliams.com
claudia.quinones@indianowilliams.com

*s/ David C. Indiano*
David C. Indiano
U.S.D.C. Bar. No. 200601

*s/ Vanesa Vicéns Sánchez*
**VANESA VICÉNS SÁNCHEZ**
USDC PR 217807

*s/ Claudia Quiñones Vilá*
**CLAUDIA QUIÑONES VILÁ**
USDC PR 303408